UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TAGWERKER,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC; FUZHOU FEIWO TRADING COMPANY, LTD; ELENKERWALKER.COM; IMAGINELIFE; FLYWORLD, LLC; and Does 1 through 20,<br><br>　　　　　　　　Defendants. | Case No.: 24-cv-00897-H-AHG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PERMIT JOINDER AND TO REMAND**<br><br>[Doc. No. 33.] |

On August 26, 2024, Plaintiff Michael Tagwerker filed a motion pursuant to 28 U.S.C. § 1447(e) to permit joinder of a new defendant and to remand the action back to state court. (Doc. No. 33.) On September 10, 2024, the Court took Plaintiff's motion under submission. (Doc. No. 37.) On September 16, 2024, Defendant Amazon.com Services LLC ("Amazon") filed a response in opposition to Plaintiff's motion. (Doc. No. 39.) On September 23, 2024, Plaintiff filed a reply. (Doc. No. 40.) For the reasons below, the Court grants Plaintiff's motion.

/ / /

## Background

The following factual background is taken from the allegations in Plaintiff's complaint. Defendants Fuzhou Feiwo Trading Company, LTD, ElenkerWalker.com, ImagineLife, and Flyworld, LLC's business activities include developing, designing, licensing, manufacturing, distributing, marketing, and selling knee scooters, including the Elenker Model JG-9155 knee scooter. (Doc. No. 1-5, Compl. ¶ 11.) Those defendants sold, supplied or otherwise distributed Elenker Model JG-9155 knee scooters to Defendant Amazon, so Amazon could market, distribute, sell, package, ship, and deliver the knee scooters to customers through the Amazon.com website. (Id. ¶ 14.)

In August 2022, Plaintiff was recovering from a stress fracture in his right foot. (Id. ¶ 18.) On August 9, 2022, Plaintiff purchased an Elenker Model JG-9155 knee scooter ("the knee scooter at issue") through Amazon's website. (Id.) Plaintiff then received the knee scooter and began using it. (Id. ¶ 22.) Plaintiff alleges that, on August 23, 2022, while he was using the knee scooter at issue, the front left wheel of the knee scooter unexpectedly separated from the frame, causing him to fall and sustain a tear to his left rotator cuff and neck injuries. (Id. ¶¶ 25–26.) Plaintiff further alleges that, as a result of the fall, he "underwent shoulder surgery and will undergo additional surgeries in the future," and that the incident has caused him to suffer mental and emotional distress. (Id. ¶ 26.)

On October 24, 2023, Plaintiff filed a complaint against Defendants Amazon, Fuzhou Feiwo Trading Company, LTD, ElenkerWalker.com, ImagineLife, Flyworld, LLC, and Does 1 through 20 in the Superior Court of California, County of San Diego, alleging causes of action for: (1) strict product liability; and (2) negligence. (Doc. No. 1-5, Compl. ¶¶ 27–46.) On May 21, 2024, Amazon removed Plaintiff's action from state court to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1441 and 1446 on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (Doc. No. 1, Notice of Removal ¶ 4.) Specifically, in the Notice of Removal, Amazon alleges that there is complete diversity of citizenship in the action because Plaintiff is a

citizen of California for diversity jurisdiction purposes and none of the Defendants are citizens of California.  (Id. ¶¶ 5–7.)  On May 21, 2024, Amazon also filed an answer to Plaintiff's complaint.  (Doc. No. 2.)  On August 30, 2024, the Court granted Plaintiff's motion for additional time to serve Defendants Fuzhou Feiwo Trading Company, LTD and ImagineLife.  (Doc. No. 36.)

By the present motion, Plaintiff moves pursuant to 28 U.S.C. § 1447(e) to amend his complaint to add Real Relax, Inc. ("RealRelax") as a non-diverse defendant[1] in this action, thereby destroying diversity jurisdiction and triggering a mandatory remand of the action to state court.[2]  (See Doc. No. 33-1 at 1, 23.)

## Discussion

### I. Legal Standard

A motion for leave to amend the complaint to add a non-diverse defendant whose joinder would destroy diversity jurisdiction is analyzed under 28 U.S.C. § 1447(e).  See Santa Clara Valley Water Dist. v. CH2M Hill, Inc., No. 19-CV-08295-LHK, 2020 WL 4252677, at *2 (N.D. Cal. July 24, 2020) (citing McGrath v. Home Depot USA, Inc., 298 F.R.D. 601, 607 (S.D. Cal. 2014)); McDaniel v. Ford Motor Co., No. 3:22-CV-00517-DMS-KSC, 2022 WL 3585581, at *2 (S.D. Cal. Aug. 22, 2022).  Section 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court."  28 U.S.C. § 1447(e).  In assessing a motion for leave to amend under § 1447(e), "[t]he decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court."  Newcombe v. Adolf Coors Co.,

---

[1] In its opposition, Defendant Amazon concedes that RealRelax is a non-diverse defendant.  (See Doc. No. 39 at 1, 2; see also Doc. No. 33-12, Ex. 9 (RealRelax's articles of incorporation stating that it is incorporated in California).)

[2] Plaintiff states in his motion that he will also amend the complaint to remove Flyworld, LLC as a defendant.  (Doc. No. 33-1 at 1.)

157 F.3d 686, 691 (9th Cir. 1998) ("The language of § 1447(e) is couched in permissive terms.").

In deciding whether to allow joinder of a diversity-destroying defendant, district courts consider a number of factors, including:

> (1) whether the new defendant is necessary for just adjudication of the controversy pursuant to Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would bar an action against the new defendant in state court; (3) whether there has been an unexplained delay in seeking joinder; (4) whether the plaintiff seeks joinder solely to defeat diversity jurisdiction; (5) whether the claims against the prospective defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

Belangue v. Costco Wholesale Corp., No. 3:23-CV-01850-W-JLB, 2024 WL 3430577, at *1 (S.D. Cal. July 16, 2024) (citing IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000)). "Any of the factors might prove decisive, and none are a required condition for joinder." Id. (citing Vasquez v. Wells Fargo Bank, Nat'l Ass'n, 77 F. Supp. 3d 911, 921 (N.D. Cal. 2015)). If the court permits the joinder of the non-diverse defendant, then the case must be remanded. See Mohandas v. Wells Fargo Bank, N.A., No. LACV22103349JAKPDX, 2023 WL 9420533, at *2 (C.D. Cal. Dec. 8, 2023) ("'Remand is mandatory if the district court allows the joinder of a non-diverse party under § 1447(e).'"); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

II.   Analysis

    A.   Joinder Under Rule 19(a)

"Federal Rule of Civil Procedure 19 requires joinder of a party if its absence would preclude the court from granting complete relief amongst existing parties, impede a party's ability to protect its interests, or leave an existing party subject to a substantial risk of incurring inconsistent outcomes." Andrade v. Ford Motor Co., No. 3:22-CV-00291-RBM-MSB, 2023 WL 2586302, at *3 (S.D. Cal. Mar. 20, 2023) (citing Fed. R. Civ. P. 19(a)). "While courts consider Rule 19 in determining whether to permit joinder under Section

1447(e), 'amendment under Section 1447(e) is a less restrictive standard and is met when failure to join will lead to separate and redundant actions.'" Id. (quoting McDaniel, 2022 WL 3585581, at *2).  Joinder is not permitted under Section 1447(e) "where the non-diverse defendant is 'only tangentially related to the cause of action or would not prevent complete relief.'" Tillman v. Lowe's Home Centers, LLC, No. 23-CV-647-L-BGS, 2023 WL 5608404, at *1 (S.D. Cal. Aug. 30, 2023) (quoting IBC Aviation Servs., 125 F. Supp. 2d at 1012).

Failure to join RealRelax in this action will lead to separate and redundant actions. Plaintiff explains that California has a two-year statute of limitation for personal injury actions and that, under that provision, the statute of limitations expired on August 23, 2024 for Plaintiff's claims.  (See Doc. No. 33-1 at 13 (citing Cal. Code Civ. P. § 335.1).)  In order to comply with this statute of limitations, Plaintiff filed a separate state court action in the Superior Court of California, County of San Diego on August 14, 2024 against RealRelax and has served RealRelax with the summons and complaint.  (Id.; see Doc. No. 33-19, Ex. 16; Doc. No. 33-20, Ex. 17.)  Thus, this Court's failure to join RealRelax in this action will cause Plaintiff to have to continue to pursue his claims against RealRelax – an alleged distributor of the product at issue – in a separate state court action, involving many of the same issues of fact and law as this action.  As such, this factor weighs in favor of permitting joinder.  See, e.g., McCarty v. Johnson & Johnson, No. 1:10-CV-00350, 2010 WL 2629913, at *8 (E.D. Cal. June 29, 2010) (finding the factor weighed in favor of joinder because the distributor was not "tangentially related to the strict products liability claims and denying joinder would cause the plaintiff to have to pursue his claim against the distributor in a separate action on the same facts and law).

B.   Statute of Limitations

"If the statute of limitations would preclude the filing of an action against the new defendants in state court, this factor would weigh in favor of granting leave to amend to add the new defendants." Forster v. Tractor Supply Co., No. 1:23-CV-00627-KES-BAM, 2024 WL 3913461, at *3 (E.D. Cal. Aug. 23, 2024).  "If, however, a 'plaintiff could file

5

an action against the joined defendant in state court, then there is less reason to join them in this action.'" Id. (quoting Reyes v. FCA US LLC, No. 1:20-CV-00833-DAD-SKO, 2020 WL 7224286, at *10 (E.D. Cal. Dec. 8, 2020)).

Plaintiff has filed a separate state court action against RealRelax in order to comply with California's statute of limitations for personal injury actions. (See Doc. No. 33-1 at 13–14; Doc. No. 33-19, Ex. 16.) Therefore, this factor weighs against joinder. See, e.g., Andrade, 2023 WL 2586302, at *4 ("Since Plaintiff's action against Desert Auto is not time-barred in state court, this factor weighs against joinder.").

C.   Timeliness

"When determining whether to allow amendment to add a non-diverse party, courts consider whether the amendment was attempted in a timely fashion." Andrade, 2023 WL 2586302, at *4 (quoting Avellanet v. FC US LLC, No. CV-19-7621-JFW-KSx, 2019 WL 5448199, at *3 (C.D. Cal. Oct. 24, 2019)). "Courts often look to the procedural stage of the case and whether the party seeking joinder 'knew or should have known the facts and theories raised by the amendment in the original pleading.'" Lewis v. Bear Stearns Residential Mortg. Corp., No. 2:23-CV-1010-CSK PS, 2024 WL 3012356, at *10 (E.D. Cal. June 11, 2024) (citation omitted).

Plaintiff has requested to add RealRelax as a new defendant in a timely fashion. Although the original complaint was filed in October 2023, (see Doc. No. 1-5, Compl.), Plaintiff explains that, despite the exercise of reasonable diligence, Plaintiff did not know of RealRelax's existence or its role in the manufacture, marketing, distribution, or sale of the knee scooter at issue until August 2024, when it engaged in a further investigation of ElenkerWalker's scooters on Walmart.com. (See Doc. No. 33-1 at 6, 15; Doc. No. 40 at 5; see Doc. No. 33-3, Ross Dec. ¶ 8; Doc. No. 33-16, Ex. 13.) Amazon criticizes Plaintiff for not conducting this additional investigation earlier and contends that this shows a lack of diligence by Plaintiff. (See Doc. No. 39 at 6–7.) But, in response, Plaintiff provides a reasonable explanation for the timing of his further investigation. (See Doc. No. 40 at 6.) Plaintiff explains that it was not until July 2024 that Amazon asserted in this litigation that

all of its co-defendants are not incorporated, registered, or authorized to do business in California or anywhere in the United States. (Id. (citing Doc. No. 14 at 5).) In light of this representation, Plaintiff then engaged in a further investigation to find an entity involved in the stream of commerce related to Plaintiff's purchase of the scooter that was authorized to transact business in the United States, and Plaintiff found RealRelax. (Id.) Plaintiff then filed the present motion seeking joinder of RealRelax within a month of learning of RealRelax's existence. Thus, Plaintiff has acted with reasonable diligence and filed the present motion in a timely fashion.

Moreover, this action is still in its early stages. It is still at the pleading stage with a case management conference not scheduled to occur until January 2025. (See Doc. No. 28.) As such, this factor weighs in favor of permitting the joinder.

D.    Motive for Seeking Joinder

"'[T]he question of whether joinder is solely intended to defeat jurisdiction is intertwined with the question of whether the claims against the new defendant appear valid.'" Andrade, 2023 WL 2586302, at *4. "'Courts have permitted joinder even where the plaintiff appears to be primarily motivated by a desire to defeat diversity jurisdiction, as long as the plaintiff has alleged a valid claim against the non-diverse defendant.'" Forster, 2024 WL 3913461, at *4. "Suspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." IBC Aviation Servs., 125 F. Supp. 2d at 1012.

There is nothing in the record that suggests that the present motion for joinder is solely intended to defeat subject matter jurisdiction. The Court rejects Amazon's assertion that RealRelax is a sham defendant. (See Doc. No. 39 at 2.) Plaintiff asserts that RealRelax is an integral participant in the distribution and sale of the knee scooter at issue. (Doc. No. 33-1 at 16.) Further, as detailed below, Plaintiff has a facially valid strict products liability

claim against RealRelax.³  See infra Order, Section II.E.  As such, Plaintiff's request to join RealRelax as a defendant in this action is made in good faith, and this factor weighs in favor of permitting the joinder.

### E. Validity

"'For the purposes of joinder under § 1447(e), a plaintiff's claim need only be facially viable—the claim need not be plausible nor stated with particularity.'" Andrade, 2023 WL 2586302, at *5.  "In assessing the validity of a plaintiff's claims, 'the court need only determine whether the claim seems valid' which is not the standard for evaluating either a motion to dismiss or a motion for summary judgment." Id.

Plaintiff states a facially viable claim for strict products liability against RealRelax. Under California law, "[a] manufacturer, distributor, or retailer is liable in tort if a defect in the manufacture or design of its product causes injury while the product is being used in a reasonably foreseeable way." Soule v. Gen. Motors Corp., 8 Cal. 4th 548, 560 (1994). In the proposed amended complaint, Plaintiff alleges that RealRelax sold, supplied, or otherwise distributed the knee scooter to Amazon, and Plaintiff purchased the knee scooter through Amazon's website. (See Doc. No. 33-18, Ex. 15, Proposed FAC ¶¶ 14, 18, 28.) Plaintiff further alleges that the knee scooter was defective in its design and manufacturer; that the defect was the direct and proximate cause of Plaintiff's injuries; and that he used the knee scooter in the manner in which it was intended to be used. (See id. ¶¶ 22–26, 31, 34–36.)  These allegations are sufficient to demonstrate a facially viable claim against Real Relax for strict products liability. See Soule, 8 Cal. 4th at 560.

---

³  Amazon asserts that Court should infer an ulterior motive on the part of Plaintiff because the proposed amended complaint contains only a few changes from the original complaint. (Doc. No. 39 at 7–8 (citing Keledjian v. Jabil Cir., Inc., No. 17CV0332-MMA (JLB), 2017 WL 3437652, at *6 (S.D. Cal. Aug. 10, 2017)).)  The Court rejects this argument.  Given that the claims at issue are strict products liability and negligence claims asserted against the various alleged participants in the stream-of-commerce related to Plaintiff's purchase of the scooter at issue, it is understandable that the original complaint needed only minor edits to include RealRelax as a defendant.

In its response, Amazon contends that Plaintiff's claim against RealRelax is meritless because RealRelax is not the seller or manufacturer of the scooter at issue. (Doc. No. 39 at 1, 2, 8–9.) But under California law, strict liability does not only apply to sellers and manufacturers. Indeed, in the case cited by Amazon itself, a California court explains: "When the purchase of a product 'is the primary objective or essence of the transaction, strict liability applies even to those who are mere conduits in distributing the product to the consumer.'" Hernandezcueva v. E.F. Brady Co., 243 Cal. App. 4th 249, 258 (2015) (quoting Pierson v. Sharp Mem'l Hosp., Inc., 216 Cal. App. 3d 340, 344 (1989)); see also Soule, 8 Cal. 4th at 560 (stating that strict liability applies to "distributors"); Bolger v. Amazon.com, LLC, 53 Cal. App. 5th 431, 456 (2020) ("The doctrine [of strict liability] applies to every entity involved in the vertical distribution of consumer goods, so long as the policies of the doctrine support its application."). Plaintiff asserts that RealRelax is a supplier/distributor of the knee scooter at issue and was part of the vertical stream-of-commerce for his knee scooter purchase. (See Doc. No. 33-1 at 6–7, 18–19.) This is sufficient to support a facially valid strict products liability claim against RealRelax. See, e.g., Kosinski v. Dolium, No. 8:23-CV-01506-JVS-JDE, 2024 WL 2104593, at *3 (C.D. Cal. Apr. 4, 2024) ("Here, the FAC clearly identifies Northwest as a distributor of Dolium kegs, making it subject to claims for strict product liability." (citations omitted) (citing Hernandezcueva, 243 Cal. App. 4th at 258)); see also Andrade, 2023 WL 2586302, at *5 (explaining that the claim need only be facially valid – it does not need to capable of satisfying the Rule 12(b)(6) motions to dismiss plausibility standard). As such, this factor weighs in favor of permitting joinder.[4]  See, e.g., McCarty, 2010 WL 2629913, at *8

---

[4] In his motion, Plaintiff alleges that he also has a facially viable claim against RealRelax for negligence. (Doc. No. 33-1 at 19.) Because the Court concludes that this factor weighs in favor of joinder in light of the facial viability of Plaintiff's claim for strict products liability against RealRelax, the Court declines to analyze the facial viability of Plaintiff's negligence claim against RealRelax.

(finding factor weighed in favor of joinder where plaintiff could state a valid strict liability claim against the proposed defendant).

### F. Prejudice to Plaintiff

"In determining whether a plaintiff would suffer prejudice, courts have considered whether denial of leave to amend would require parallel in state and federal court proceedings or would lead the plaintiff to forgo claims against the non-diverse defendants." Murphy v. Am. Gen. Life Ins. Co., 74 F. Supp. 3d 1267, 1286 (C.D. Cal. 2015). Additionally, "'[w]here claims against parties sought to be joined in an action arise out of the same factual circumstances, it is in the economic benefit of all parties and the judicial system to have the entire controversy adjudicated only once[.]'" Andrade, 2023 WL 2586302, at *6.

Plaintiff has already filed a separate state court action against RealRelax. (See Doc. No. 33-1 at 13–14; Doc. No. 33-19, Ex. 16.) Denying Plaintiff's motion for joinder would require Plaintiff to continue to engage in parallel state court and federal court proceedings involving the same factual circumstances. As such, Plaintiff would suffer prejudice if the Court were to deny his motion, and, therefore, this factor weighs in favor of permitting joinder. See, e.g., Belangue, 2024 WL 3430577, at *3; Andrade, 2023 WL 2586302, at *6.

### G. Conclusion

In sum, all but one of the factors weigh in favor of permitting Plaintiff to join RealRelax as a defendant in this action. Importantly, Plaintiff has a facially valid claim for strict products liability against Defendant RealRelax, and Plaintiff would be prejudiced if he were forced to pursue his claims against RealRelax in a separate state court action. As such, the Court grants Plaintiff's motion for joinder of non-diverse defendant RealRelax pursuant to 28 U.S.C. § 1447(e).

/ / /

/ / /

/ / /

## Conclusion

For the reasons above, the Court grants Plaintiff's motion and grants Plaintiff leave to amend his complaint to add non-diverse defendant RealRelax. Because the addition of RealRelax as a defendant in this action destroys the Court's diversity jurisdiction, (see Doc. No. 39 at 1, 2; Doc. No. 33-12, Ex. 9), the Court remands the action back to the Superior Court of California, County of San Diego. See Mohandas, 2023 WL 9420533, at *2 ("'Remand is mandatory if the district court allows the joinder of a non-diverse party under § 1447(e).'").

In addition to the present motion, Plaintiff's prior motion to remand and Defendant Amazon's motion to dismiss are currently pending before the Court. (Doc. Nos. 6, 13.) Because the Court remands the action back to state court, the Court denies Plaintiff's prior motion to remand as moot, and the Court denies Defendant Amazon's motion to dismiss as moot without prejudice to Amazon refiling the motion to dismiss in state court.

**IT IS SO ORDERED.**

DATED: September 23, 2024

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT